SAFETY CABS, INC., v. DOROTHY MAE BOHANNON, *et vir.*

188 So. 321.
Division A.
Opinion Filed April 18, 1939.
Rehearing Denied May 11, 1939.

*Fred B. Noble* and *S. S. Blondheim,* for Plaintiff in Error;

*Will O. Murrell,* for Defendant in Error.

PER CURIAM.—This writ of error was taken to a final judgment awarding damages in the sum of $8,166 and costs to the plaintiff in a personal injury action. The plaintiff was the defendant in error and the defendant was the plaintiff in error here.

It is contended that the judgment below should be reversed because of insufficient proof of negligence or liability on the part of defendant, because of an erroneous charge to the jury and because the verdict and judgment were excessive.

We have examined the record both as to negligence on the part of the defendant and as to the challenged agency of the cab driver at the time of the accident and find the evidence to be desultory and not as conclusive as it should be but if it met all rules as to conclusiveness, the verdict is excessive and out of all proportion to that warranted by the showing made.

It is shown that defendant in error had a "broken neck" and a bruised foot or leg but it is also shown that no bones were broken or displaced. The attending physician testified categorically that a "broken neck" contemplated or had reference to any disturbance of the spinal cord in its course through the bony structure of the neck. The bones (vertebrae), the supporting ligaments or the cartilage pads between the bones might be the center of the disturbance. He testified that only the supporting ligaments were damaged in this case and that such damage was what the "broken neck" of plaintiff consisted in. It is shown that she was confined in a cast for six weeks but we find no evidence of the monetary value of the time lost or that her injury was permanent. In fact, there is very little if any concrete evidence on which damages could be predicated.

In the lingo of the street, to receive a broken neck is a very serious accident. In fact, it portends death but when measured in medical terminology, it would seem from the evidence here to connote either a serious or a minor accident. If, as here, it consisted in damaged ligaments, damages should be admeasured accordingly.

For these reasons, the judgment is reversed and a new trial awarded.

Reversed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.